CLARENCE H. COOKE *v.* WADE WARREN THAYER, SECRETARY OF THE TERRITORY OF HAWAII, AND DAVID L. KALAUOKALANI, JR., COUNTY CLERK OF THE CITY AND COUNTY OF HONOLULU, TERRITORY OF HAWAII.

RESERVED QUESTIONS FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 8, 1914.          DECIDED OCTOBER 13. 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

ELECTIONS—*Organic Act—amendment of election laws.*

 Section 85 of the Organic Act, as amended June 28, 1906, authorizing the legislature of the Territory to alter or amend the election laws of the Territory, does not authorize the legislature to provide by statute for the election of members of the legislature at a time other than that fixed by section 14 of the Organic Act for the holding of general elections.

Cooke v. Thayer, 22 Haw. 247.

SAME—*primary elections—Act 151 of the Laws of 1913, construed.*

The proviso contained in section 16 of Act 151 of the Session Laws of 1913, to the effect that any candidate at a primary held pursuant to the Act in the month of September who receives a majority of the registered voters voting of the district in which he is a candidate shall be thereby duly and legally elected to the office for which he is a candidate, cannot legally apply to candidates for membership in the legislature in view of the provision of section 14 of the Organic Act that general biennial elections for members of the legislature shall be held on the Tuesday next after the first Monday in November.

OPINION OF THE COURT BY ROBERTSON, C.J.

In a petition for a writ of mandamus the petitioner averred facts showing that he possesses all the qualifications required by law to be eligible to be a member of the house of representatives of this Territory; that he was duly nominated and became a candidate for the republican nomination for member of the house of representatives for the fourth representative district at a primary election held on the 12th day of September, 1914; that (upon information and belief) there were cast for the office of member of the house of representatives from said district not more than 3900 votes of which he received 1896, which he averred constituted a majority of the votes cast and of the registered voters voting in said district at said primary election; that the respondents, though requested so to do, have refused to open the packets containing the ballots cast in said district at said primary in the presence of a justice of the supreme court, in order that the claim that the petitioner had received a majority of the votes cast for the office and of the voters voting in the district might be verified; that the respondent Thayer threatens to place upon the ballots to be used at the ensuing general election the names of six republican candidates and six democratic candidates without regard to whether they received a majority vote or not, and without any attempt on the part of said respondent to determine by an inspection of the records of said primary election whether the petitioner was

elected to the office sought or not. The prayer of the petition was for an order directing the petitioners to open, in the presence of a justice of the supreme court, all the records received from the inspectors of election of the fourth representative district for the purpose of having the respondents determine how many votes were cast for the office of member of the Legislature in and for said district, and in order that it may be determined whether the petitioner has received a majority of all the votes cast for said office, and whether the petitioner was elected at said primary or whether his name should be placed on the ballot to be voted for at the next general election. An alternative writ was issued to which the respondents interposed a demurrer which raised certain questions which the circuit judge reserved for the consideration of this court. The answer to one of the questions being decisive of the case, we deem it inadvisable to pass upon the others, though urged by counsel to decide them. We believe no useful purpose would be served by discussing questions which are not necessary to the determination of the case in hand, and may never require decision, and the solution of which seems not to be needed to assist the executive officers in discharging their duties under the law.

The question is stated as follows: "Do the provisions of section 16 of Act 151, Session Laws of 1913, which provide as follows: 'Provided, however, that any candidate receiving the votes of a majority of the registered voters voting of the district in which he is a candidate shall be thereby duly and legally elected to the office for which he is a candidate at such primary,' refer to or include candidates for the office of members of the legislature of the Territory of Hawaii?"

Counsel for the petitioner contends that there has been a well defined policy on the part of Congress to allow each Territory, after the first election held upon its organization, to fix by territorial law the time, place and manner of holding elections. R. S. U. S. Secs. 1847, 1848, 1863. And that the policy observed by Congress with reference to any given subject

may properly be resorted to in construing a statute upon the subject. *Jaedicke* v. *United States,* 85 Fed. 372, 375; *United States* v. *Gay,* 95 Fed. 226; *Wisconsin Central R. Co.* v. *United States,* 164 U. S. 190, 204. Counsel also contends that Congress has ever evinced a desire to extend to this Territory exceedingly broad powers; that prior to the amendment of section 85 of the Organic Act, on June 28, 1906, a congressional committee had recommended that "the election laws of the Territory" be so amended and supplemented as to provide definitely for the election of a delegate to Congress, using the phrase quoted as including the provisions of the Organic Act relative to elections; and that if no power was intended to be vested in the legislature of the Territory to alter any election laws save such as were passed by the legislature the amendment referred to was a useless and idle act as the power to do so was already possessed.

Section 13, of the Organic Act provides that no person shall sit as a senator or representative in the legislature unless elected under and in conformity with "this Act;" section 14, provides that a general election shall be held on the Tuesday next after the first Monday in November, 1900, and every second year thereafter; section 36, provides that the term of office of the representatives elected at any general or special election shall be until the next general election held thereafter; section 59, provides that each voter for representative may cast a vote for as many representatives as are to be elected from the representative district in which he is entitled to vote; and section 64, provides that "the rules and regulations for administering oaths and holding elections set forth in Ballou's Compilation, Civil Laws, Appendix, and the list of registering districts and precincts appended, are," with certain enumerated changes, "continued in force."

Section 85 of the Organic Act was amended in 1906 by providing that "The legislature of the Territory of Hawaii shall have the right to alter or amend any part of the election

laws of said Territory, including those providing for an election of Delegate to Congress, and its action shall be the law, with full, binding force, until altered, amended, or repealed by Congress." Another amendment made to that section at the same time provided that "the method of certifying the names of candidates for place on this ballot (the ballot for delegate) and all the conduct of the election of a Delegate shall be in conformity to the general election laws of the Territory of Hawaii." The attorney general, on behalf of the respondents, contends that the laws which the local legislature was given the power to amend are those which were continued in force by section 64 and referred to in the amendment to section 85, last above quoted; that it was not intended to give the legislature power to alter express provisions of the Organic Act; that the legislature has no power to change the date upon which general elections for members of the legislature are to be held under section 14; and that the provision of section 16 of Act 151 of the Laws of 1913, which provides for the election of candidates at primary elections held in September, in the event of their receiving the votes of a majority of the registered voters voting in the district, if intended to apply to candidates for membership in the legislature, was a futile attempt to change the date of the general election as to such candidates. We think the view urged by the attorney general is the correct one. The words "election laws of said Territory" taken in their general, usual and popular signification would mean the laws relating to elections enacted by the local legislative authority, and they could not except by a forced and unreasonable construction be regarded as including an act of Congress. The fact that because the local election laws in force when the Organic Act was passed had been by it continued in force and thus placed beyond the reach of the legislature of the Territory to amend makes clear beyond doubt the object of the amendment to section 85. The first section of the Organic Act provides "That the phrase 'the laws of Hawaii' as used in this Act without

qualifying words, shall mean the constitution and laws of the Republic of Hawaii, in force on the twelfth day of August, eighteen hundred and ninety-eight, at the time of the transfer of the sovereignty of the Hawaiian Islands to the United States of America." We think "the election laws" of Hawaii referred to in the amendment to section 85 were none other than such as were included in the general definition of section 1.

We hold that the proviso contained in section 16 of the primary law cannot legally apply to candidates for membership in the legislature. Our answer to the first question reserved is in the negative.

*R. W. Breckons* for petitioner.

*I. M. Stainback, Attorney General,* for respondents.